UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**STEVEN MICHAEL HICKS**

       **Plaintiff,**

v.                                            **CASE NO. 2:13-cv-30426**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

       **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is Plaintiff's Complaint (ECF No. 1), Brief in Support of Defendant's Decision (ECF No. 8) and Plaintiff's Reply to Defendant's Brief in Support of Defendant's Decision (ECF No. 9).

### Background

Steven Michael Hicks, Claimant, protectively applied for disability insurance benefits (DIB) under Title II and Part A of Title XVII of the Social Security Act on January 26, 2012, alleging disability on March 27, 2009. The claim was denied initially on June 1, 2012, and upon reconsideration on July 18, 2012. Claimant filed a written request for hearing on August 22, 2012. In his request for a hearing before an Administrative Law Judge (ALJ), Claimant stated that he disagreed with the determination made on his claim for disability because he is disabled within the meaning of the Social Security Act (Tr. at 112-113). Claimant appeared in person and testified at a hearing held in Charleston, West Virginia, on July 5, 2013. In the Decision dated July 23, 2013, the ALJ determined that Claimant was not disabled under the Social Security Act (Tr. at 19-30). On August 6, 2013, Claimant requested a review by the Appeals Council stating

that the findings or conclusions of the ALJ are not supported by the substantial evidence now of record (Tr. at 15). On September 25, 2013, the Appeals Council "found no reason under our rules to review the Administrative Law Judge's decision" (Tr. at 1-3). The Appeals Council stated that it considered Claimant's reasons for disagreeing with the decision and the additional evidence that was made part of the record. The Appeals Council found that this information did not provide a basis for changing the ALJ's decision (Tr. at 1).

On November 27, 2013, Claimant brought the present action requesting this Court to review the decision of the defendant and that upon review, it reverse, remand or modify that decision.

This is an action seeking review of the final decision of the Commissioner of Social Security denying the plaintiff's application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Both parties have submitted briefs in support of their positions.

Claimant filed an application for DIB on January 26, 2012, alleging disability as of March 27, 2009. Claimant asserted the following impairments: Post Traumatic Stress Disorder (PTSD) and asthma (Tr. at 181). The claim was denied initially on June 1, 2012, and upon reconsideration on July 18, 2012. Thereafter, Claimant filed a written request for hearing on August 22, 2012. The hearing was held on July 5, 2013, in Charleston, West Virginia. On July 23, 2013, the Administrative Law Judge (ALJ) held that Claimant had not been under a disability from March 27, 2009, his alleged onset date, through the alleged onset date of September 30, 2011. The ALJ's decision became the final decision of the Commissioner on September 25,

2013, when the Appeals Council denied Claimant's request for review. Claimant timely brought this action seeking judicial review of the administrative decision pursuant to 42 U.S.C § 405(g).

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2013). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* § 404.1520(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2013). The Commissioner must show two things: (1) that the claimant, considering

claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date of March 27, 2009, through his date last insured of September 30, 2011 (Tr. at 21). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of asthma, PTSD and opiate dependence. (*Id.*) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1 (Tr. at 23). The ALJ then found that Claimant has a residual functional capacity to perform work at the medium exertional level, reduced by exertional and nonexertional limitations[1] (Tr. at 24). As a result, the ALJ determined that Claimant cannot return to his past relevant work (Tr. at 29). Nevertheless, the ALJ concluded that Claimant could perform jobs such as night cleaner, laundry worker and mail clerk, all of which exist in significant numbers in the national and regional economy (Tr. at 30). On this basis, benefits were denied. (*Id.*)

## Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a

---

[1] Claimant can frequently engage in climbing, stooping, kneeling, crouching, crawling and balancing. In addition, Claimant should have no contact with the public. Further, Claimant should not work in a job involving tandem tasks (Tr. at 19).

4

>preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

### Claimant's Background

Claimant was 36 years of age on his alleged disability onset date, in March 2009, and 38 years of age on the date last insured (DLI), in September 2011. Claimant has a high school education and past work experience as a heavy equipment operator and mechanic. Claimant served in the United States Navy from 1993 to 1997. He was diagnosed with breathing problems related to his military experience. On September 23, 2009, Veterans Affairs determined that Claimant is 100% disabled by bronchial asthma and 30 percent disabled by PTSD (Tr. at 167-172).

### The Medical Record

The court has reviewed all evidence of record, and will address those portions which are relevant to the issues raised by Claimant.

### Claimant's Challenges to the Commissioner's Decision

Claimant asserts the Administrative Law Judge (ALJ) committed four prejudicial errors in denying his claim (Tr. at 242-257). First, Claimant asserts that the ALJ failed to use a consulting examiner to determine whether or not he was disabled as of the DLI. Second, Claimant asserts the ALJ dismissed evidence of disability developed after the DLI without retrospective review of the findings that link to his conditions prior to the DLI. Third, Claimant asserts that the ALJ failed to give "substantial weight" to the ratings of disability awarded by the Veterans Affairs (VA). Claimant states that the ALJ dismissed the fact that the VA rated his breathing condition as 100% disabling. Claimant asserts that evidence of the VA rating him 30% disabled due to PTSD should be considered. Claimant asserts that he had the condition of PTSD prior to his DLI but that it has "only worsened since" (Tr. at 243). Fourth, Claimant asserts that the ALJ committed error in finding that Claimant's Global Assessment of Functioning (GAF) scores were generally in the "moderate" range when the Claimant asserts his scores were "severe." (*Id.*)

Defendant avers that a consultative examination was not warranted given the consistent and substantial evidence that Claimant was not disabled prior to his DLI. Defendant asserts that the ALJ appropriately evaluated Claimant's claim prior to his DLI. Defendant avers that the ALJ did not rely on Claimant's VA disability ratings to determine disability under the Social Security Act (SSA). Lastly, Defendant asserts that the ALJ properly considered Claimant's GAF scores in evaluating his PTSD prior to his DLI.

### Consideration of VA Decision

The VA's decision reflects Claimant's compensation at 100% for bronchial asthma and 30% for PTSD (Tr. at 171). The Social Security regulations provide that "evidence" includes

"[d]ecisions by any governmental or nongovernmental agency about whether you are disabled or blind." 20 C.F.R. § 404.1512(b)(5) (2013). The decision of another agency is not binding on the SSA, 20 C.F.R. § 404.1504, but the SSA is required to evaluate all the evidence, including decisions by other agencies. Moreover, Social Security Ruling 06-03p states that "evidence of a disability decision by another governmental . . . agency cannot be ignored and must be considered." The Ruling provides that "the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases . . .."

The Fourth Circuit has held that "the disability determination of a state administrative agency is entitled to consideration in a SSA disability proceeding…. [A]lthough the SSA will accept another agency's disability determination as evidence of a claimant's condition that agency's decision is not binding on the SSA." *Bird v. Commissioner of Social Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012).

In *Bird*, the Fourth Circuit discussed the role that disability decisions by governmental agencies play in the SSA's disability determination process. Pointing to the circuit precedent and social security directives, the Court stated the general rule is that while these decisions are not binding on the SSA, they "cannot be ignored and must be considered" when determining a claimant's eligibility for social security disability benefits. *Halstead v. Colvin, 2015 U.S. Dist. LEXIS 15281 (S.D. W.Va., January 8, 2015)* (citing *DeLoatche v. Heckler*, 715 F.2d 148, 150 n. 1 (4th Cir. 1983) and SSR 06-03p, 2006 SSR LEXIS 5, 2006 WL 2329939, at *6 (Aug. 9, 2006)).[2]

---

[2] SSR 06-03p, 2006 SSR LEXIS 5 provides inter alia:

> Under sections 221 and 1633 of the Social Act, only a State agency or the Commissioner can make a determination based on Social Security law that you are blind or disabled. Our regulations at 20 CFR 404.1527(e) and 416.927(e) make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner (see also SSR 96-5p,

Similar to the instant case, the claimant in *Bird* had been awarded disability benefits through the VA, but was found not disabled by an ALJ under the Social Security Act. The district court affirmed the Commissioner's decision. On appeal, the claimant argued, in relevant part, that the ALJ had failed to afford adequate weight to the VA's disability determination. In considering the argument, the Fourth Circuit acknowledged that it had not previously addressed the precise weight that the SSA should give to disability ratings by the VA and noted that sister circuits had found varying degrees of deference to be appropriate. The Court reasoned that "both the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability." *Id.* In addition, "[b]oth programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims." *Id.* (citing *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)). Consequently, the Court concluded that "because the purpose and evaluation methodology of both programs are closely related, a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." *Id.* Thus, the Court held:

> [I]n making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

---

1996 SSR LEXIS 2 "Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner"). However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

In *Wyche v. Colvin*, 2014 U.S. Dist. LEXIS 62589 (E.D. Va., March 25, 2014), the court found that the opinion in *Bird* created a new standard. The court held that a presumption of substantial weight given to the VA's determination under the new *Bird* standard now requires the ALJ to "explain" why he departed from "substantial weight." *Wyche* citing *Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010)(ALJ departing from substantial weight must give "specific, valid reasons for doing so that are supported by the record.").

In the present case, Claimant asserts the following:

> The Administrative Law Judge dismissed the ratings of the VA out of hand. He wrote that they are not "binding" on the Social Security Administration and "different rules and standards" apply for his decision. This is clear error. The Administrative Law Judge should have started his analysis with "substantial weight" given to the VA ratings of 100% and 30% and then detailed his analysis why those ratings do or do not apply here (Tr. at 246).

In response, Defendant asserts:

> The ALJ appropriately gave less weight to the VA disability rating because the medical evidence during the relevant period did not support a finding that Claimant's asthma or PTSD would render him disabled from any work in the national economy, as is the standard for disability under the Act. 42 U.S.C. § 423(d)(1)(A). The ALJ considered the VA determination that Claimant was 100% disabled by bronchial asthma and 30% disabled by PTSD (Tr. at 171), but explained that a disability determination by another governmental or nongovernmental agency is not binding on the Social Security Administration (Tr. at 28). *See* 20 C.F.R. § 404.1504 (stating that a decision by any nongovernmental agency or any other governmental agency about whether an individual is disabled or blind is based on its rules and is not our decision about whether the individual is disabled or blind under social security law).
> The ALJ also explained that he had considered the VA disability determination, but based on the medical and other evidence in the record, he had found that Claimant was able to perform a range of unskilled medium work and, therefore, was not disabled under the Act (Tr. at 28).

An ALJ may give less weight to a VA disability rating and does not have to give the VA's opinion significant weight. See *Cline v. Michael J. Astrue*, Case No. 6:12-cv-00690 (Parkersburg, WV 2013)(unpublished). In the present case, the VA held that Claimant was 100% disabled for bronchial asthma (Tr. at 28). The ALJ did not discuss what percentage of weight he gave the VA's determination. Although the ALJ in the present case stated that his deviation from giving the VA's disability decision substantial weight was based on medical and other evidence in the record, he did not sufficiently explain or refer to which medical and other evidence in the record that was considered.

In *Cline*, the court held that a brief, conclusory assertion by the Commissioner that the ALJ considered the determination of the VA is not a situation where the ALJ truly considered the decision and the analysis of the evidence contained therein. The court held that "The ALJ's decision lacks an explanation of his consideration given to the VA's decision." See *Cline*. The ALJ's decision denying benefits was not supported by substantial evidence due to the failure to explain the VA's decision as required by the regulations and Social Security Ruling 6-03p.

In the present case, the ALJ held that it recognized the VA's disability determination and found that Claimant's asthma does not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. at 23). The ALJ stated that "there is no evidence the claimant has chronic asthmatic bronchitis…. Or has asthma attacks in spite of prescribed treatment and requiring physician intervention, occurring at least once every two months or at least six times a year." (*Id.*) However, reports from the Veterans Affairs Medical Center from February 25, 2008, reflect that Claimant has a history of asthma (Tr. at 260). The records from VAMC continuously reference Claimant's diagnosis of bronchial asthma in over 150 pages of medical documentation from Claimant's VA disability determination.

The ALJ failed to clearly demonstrate that a deviation from the VA's disability rating is appropriate. The undersigned proposes that the United States District Court remand this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings to weigh the disability rating decision of the VA pursuant *to Bird.* Other issues raised by the parties shall be addressed on remand.

Conclusion

The undersigned proposes that the presiding District Judge FIND that the ALJ's decision denying benefits is not supported by substantial evidence due to the failure to explain the deviation from the substantial weight to the VA's decision as required by the regulations and SSR 06-3p.

It is hereby respectfully **RECOMMENDED** that the presiding District Judge **REVERSE** the final decision of the Commissioner, **REMAND** this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g), and **DISMISS** this matter from the docket. Because the recommendation to remand this case rests on a finding of legal error, the undersigned offers no opinion regarding the weight of the evidence to be considered on remand.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is

made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit the same to counsel of record.

Dated: February 27, 2015

Dwane L. Tinsley
United States Magistrate Judge